IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FRANCIS GRANDINETTI II,      )   CIVIL NO. 07-00089 ACK-LEK
                             )
              Plaintiff,     )
                             )   ORDER OF TRANSFER
         vs.                 )
                             )
DR. BAUMAN, et al.,          )
                             )
              Defendants.    )
_____)

**ORDER OF TRANSFER**

Before the court is another of *pro se* Plaintiff Francis
Grandinetti's prisoner civil rights complaints.  Grandinetti is a
Hawaii state prisoner who is currently incarcerated in the
Tallahatchie Community Correctional Facility ("TCCF"), located in
Tutwiler, Mississippi.  To date, Grandinetti has filed at least
seventy-nine actions in the United States courts since 1996, many
of them in this court.[1]  *See* U.S. Party/Case Index, PACER Service
Center, http://pacer.psc.uscourts.gov. ("Pacer").  At least three
or more of these actions were dismissed as frivolous or for
failure to state a claim.[2]  Grandinetti has again neither

---

[1] Pacer reveals that Grandinetti has filed fifty-nine
actions under the name "Francis Grandinetti," and another four
actions as "Francis Grandinette."  Not all cases are represented
on PACER, however, and the court notes that Grandinetti has also
filed at least eight civil actions in the U.S. District Court for
the District of Mississippi, and eight appellate actions in the
U.S. Court of Appeals for the Fifth Circuit. *See Grandinetti v.
Corrections Corp. Of America, et al.*, Civ. No. 5:06-057 ECF,
*Order*, entered Mar. 30, 2006, at 7.

[2] *See e.g.*, *Grandinetti v. Corrections Corp. Of America*,
                                              (continued...)

submitted an *in forma pauperis* application nor paid the $350 statutory filing fee for instituting this action.

Grandinetti styles this action as a "class-action," but gives no further facts justifying class certification. While Grandinetti fails to name any defendant in the caption to the complaint, in Claim I he names Hawaii Department of Public Safety ("DPS") officials or employees Dr. Bauman, Mrs. Tavares, Mr. Mun, Mrs. Stampfle, other unnamed DPS staff, and "their contractors" including "CCA, TCCF, NWMSRMC [Northwest Mississippi Regional Medical Center], and MS/TCi" (collectively "Defendants").[3] (Comp. 2.)

Grandinetti alleges that he was raped in prison in 2005 and infected with Hepatitis-B, and has been denied adequate treatment for this and various other ailments since then. For the following reasons, the court dismisses the Hawaii defendants and transfers this action to the U.S. District Court for the

---

[2](...continued)
Civ. No. 06-057 ECF (N.D. Tex. 2006) (prisoner civil rights action dismissed as frivolous); *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw. 2001) (prisoner civil rights case dismissed for failure to state a claim); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex. 1999) (prisoner civil rights case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex.1998) (prisoner civil rights case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex.1998) (prisoner civil rights case dismissed as frivolous).

[3] The court believes CCA is an acronym for the Corrections Corporations of America; "MS/TCi" remains a mystery.

Northern District of Mississippi.

## BACKGROUND

Grandinetti alleges that Defendants have refused to provide him with adequate medical care, and that they deny that he is "infected, dying, or in need of rape/STD services." (Comp. 2, Claim I.) Grandinetti states that he needs "[a] blood/DNA profile, [and] HIV/AIDs, Hepatitis, and STD profiling." (*Id.*) He also claims he needs treatment on an emergency basis for hepatitis, T.B., HIV, "internal bleeding, infection, and rupture in the hepat[o]biliary tract, epididymitis, and severe urinary tract infection." (Comp. 1-2.)

In Claim II, Grandinetti claims that Defendants refuse to provide him with out-patient hospital care, infirmary placement, protective custody, police reports, and "correct classification services." (Comp. 2.) Finally, in Claim III, Grandinetti demands to be returned to NWMSRMC. These claims are remarkably similar, if not identical, to the claims Grandinetti raised in *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG,[4] and

---

[4] In this case, Grandinetti alleged that TCCF officials were denying him medical treatment for a liver and lung infection. The court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g), stating: "Grandinetti does not allege that he is in imminent danger or serious physical injury. Furthermore, based on the facts as alleged in this complaint, if Grandinetti did allege imminent danger or serious physical injury, venue for such a claim would not lie in Hawaii, as he is incarcerated in Mississippi." (Doc. No. 2, Order Dismissing Complaint and Action, entered Nov. 14, 2006.)

*Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS.[5]

        As exhibits to his Complaint, Grandinetti supplies two
sick call requests, dated January 17, 2007, detailing his
symptoms and requesting testing and emergency care.  These
requests are unsigned by TCCF officials, and do not appear to
have been submitted to the TCCF medical department.

**STANDARDS**

I.   **28 U.S.C. § 1915 Screening**

        Federal courts must screen all cases in which prisoners
seek redress from a governmental entity or officer or employee of
a governmental entity.  28 U.S.C. § 1915A(a).  The court must
identify cognizable claims or dismiss the complaint, or any
portion of the complaint, if the complaint "is frivolous,
malicious, or fails to state a claim upon which relief may be
granted," or "seeks monetary relief from a defendant who is
immune from such relief."  *Id.* § 1915A(b).

        The court must construe pro se pleadings liberally and
afford the pro se litigant the benefit of any doubt.  *Morrison v.
Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint
should not be dismissed for failure to state a claim unless it

_____

        [5] In this action, the court dismissed all claims against
Hawaii defendants, with prejudice, and transferred the action to
the U.S. District Court for the Northern District of Mississippi.
*See* Civ. No. 05-00442 Order of Transfer; Dismissing Hawaii
Defendants; Denying Objections; And Denying Motion for Pre-
Emptive Order, entered on August 18, 2005.

4

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d. 1122, 1126 (9th Cir. 2000) (en banc).

II. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

I.  **Grandinetti Fails to State a Claim Against the Hawaii Defendants.**

To state a civil rights claim against an individual defendant, a plaintiff must allege facts showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942

6

F.2d 1435, 1446 (9th Cir. 1991)(en banc).  However, an
individual's "general responsibility for supervising the
operations of a prison is insufficient to establish personal
involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir.
1987).

Grandinetti fails to show any nexus between the named
and unnamed Hawaii defendants and any of the violations alleged
in the Complaint.  Grandinetti is claiming the denial of medical
care at TCCF, yet alleges no direct or personal involvement by
these defendants in the challenged actions in the Complaint.  He
does not claim that they participated in, or directed the
constitutional violations.  Nor does he allege or point to a
policy that they implemented which was used by TCCF prison
officials to deny him medical care, and was thus, so deficient
that it is "a repudiation of constitutional rights and is the
moving force of the constitutional violation."  *See Redman*, 942
F.2d at 1446.

This Court takes judicial notice of documents that
Grandinetti recently filed in another of his cases, *Grandinetti
v. FDC Branch Staff, et al.*, Civ. No. 07-00053 DAE, dismissed
pursuant to 28 U.S.C. § 1915(g).  (*See* Doc. No. 4, Order
Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915(g)
and Denying Motion for Temporary Restraining Order or Preliminary
Injunction, entered Feb. 5, 2007.)  In his newly filed motion for

7

reconsideration in this action, Grandinetti attached copies of
the same sick call requests, dated January 17, 2007, as are
attached to the present action.  (Doc. No. 7, filed Feb. 22,
2007.)  They are, similarly, unsigned as received by TCCF
officials.  This strongly suggests that Grandinetti has neither
made his medical requests and alleged ailments known to TCCF
officials, nor administratively exhausted the alleged denial of
medical care of which he complains, although the court does not
so hold on this record.

        Grandinetti also attached a letter from the Hawaii
Office of the Ombudsman to his motion for reconsideration.  This
letter is dated February 7, 2007, and is in response to
Grandinetti's January 16, 2007 letter regarding the claims he
raises in the present action.  The Ombudsman informed Grandinetti
that, "[a]ccording to the contract between [DPS] and [TCCF], TCCF
is responsible for providing medical services to Hawaii inmates.
Therefore, you should first discuss your medical concerns with
the TCCF medical staff." (*See* Civ. No. 07-00053, Doc. No. 7,
Motion at 4.)  The Ombudsman further noted that, contrary to
Grandinetti's request for protective custody, Grandinetti is
presently in administrative segregation, alone in a cell, and
there is no need for protective custody.  Clearly, Grandinetti
was well aware that TCCF officials were responsible for his
medical care when he submitted the instant Complaint, not Hawaii

DPS employees.

Finally, in the motion for reconsideration, Grandinetti also enclosed a reply from Scott Jinbo, DPS Mainland Contract Monitor, to Grandinetti's "Request for Service," dated February 1, 2007.  Jinbo informed Grandinetti that his medical requests were forwarded to [TCCF] Health Care, and that his request for protective custody, although unnecessary due to his solitary administrative custody status, was forwarded to TCCF to conduct an investigation to determine Grandinetti's suitability for such placement.  Again, this highlights that Grandinetti knew what steps were necessary for him to take to request and receive medical care at TCCF, and who was responsible for providing that care, before he initiated this suit in Hawaii.

Grandinetti's allegations occurred, or are occurring, at TCCF.  The court informed Grandinetti in Civ. No. 05-00442, that the types of violations that he is alleging, the denial or delay of adequate medical care, must necessarily be brought to the immediate attention of the prison where the inmate is incarcerated.  *See Grandinetti v. Shimoda*, Civ. No. 05-00442, Doc. No. 4, Order Dismissing Complaint, and Doc. No. 9, Order of Transfer (of amended complaint).  Grandinetti was also notified that these Hawaii DPS defendants are not responsible for providing him medical care in Mississippi; this is TCCF officials' responsibility.  (*Id.*)  Finally, he was clearly

9

informed that, after exhaustion of prison administrative
remedies, such claims are more properly brought in the district
where they occurred, where they can be most effectively remedied.
*See* 28 U.S.C. § 1391(b).  The proper venue for these types of
claims, as discussed more fully below, is in the U.S. District
Court for the Northern District of Mississippi.  Neither the
Hawaii federal court nor the Hawaii DPS, however, are in the best
position to remedy constitutional violations that occurred or are
occurring thousands of miles away.

Grandinetti has apparently commenced this suit in
Hawaii because he is barred from filing any lawsuit or civil
action in the District Court for the Northern District of
Mississippi, Delta and Lubbock divisions, and several monetary
sanctions have been imposed on him.[6]  This bar order also
proscribes Grandinetti from filing any civil actions in any other
court that are removable or transferrable to the Northern
District.  It is clear that Grandinetti filed this action in
Hawaii in an attempt to circumvent that bar.

Accordingly, the court finds that Grandinetti has
failed to state a claim against the Hawaii defendants: Bauman,

---

[6]*See Grandinetti v. Corrections Corp. Of America, et al.*,
Civ. No. 5:06-057 ECF, Order entered Mar. 30, 2006. Grandinetti
is also subject to a vexatious litigant pre-filing review order
in the U.S. Court of Appeals for the Ninth Circuit. *See In re:
Francis Grandinetti*, No. 06-80108, Order to Show Cause entered
Aug. 21, 2006, Pre-Filing Review Order entered Sept. 26, 2006.

Tavares, Mun, Stampfle and other unnamed persons.  Because
Grandinetti has been advised that these particular claims are not
cognizable against these defendants, Defendants Bauman, Tavares,
Mun, and Stampfle are DISMISSED without leave to amend.

II.  **Venue is Improper in This Court.**

        The court must now look to the propriety of bringing
this action in the District of Hawaii.  When jurisdiction is not
founded solely on diversity, such as in an action brought under
42 U.S.C. § 1983, venue is proper in the district in which: (1)
any defendant resides, if all of the defendants reside in the
same state; (2) a substantial part of the events or omissions
giving rise to the claim occurred, or a substantial part of the
property that is the subject of the action is situated; or (3)
any defendant may be found, if there is no district in which the
action may otherwise be brought.  28 U.S.C. § 1391(b); *see also*
*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995)
(extensive discussion on jurisdiction); *Flanagon v. Shively*, 783
F. Supp. 922, 935-937 (M.D. Penn. 1992).  Venue may be raised by
the court *sua sponte* when the defendant has not yet filed a
responsive pleading and the time for doing so has not run.
*Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

        First, the court has dismissed the Hawaii defendants
and the remaining defendants do not reside in Hawaii.  Those
remaining, *ie.*, the unnamed TCCF staff and the unnamed NWMSRMC

personnel, reside in Mississippi, and not in Hawaii.[7]

Second, Grandinetti's present claims clearly arise from incidents that allegedly occurred at TCCF and were allegedly perpetrated by prison officials in Mississippi.[8]  None of the alleged constitutional violations occurred in Hawaii, or were committed by any Hawaii resident.  Thus, not only a substantial part, but all of the events or omissions giving rise to Grandinetti's claims, occurred in Mississippi not Hawaii.

Venue is not proper in this district.  Under 28 U.S.C. § 1406(a), when an action is filed in the wrong district, the district court may dismiss the action, or, for the convenience of parties and witnesses, as well as in the interests of justice, the district court may use its discretion to transfer a civil action to any other district where it might have been properly brought.  28 U.S.C. § 1404(a).  Ordinarily, transfer, rather than dismissal, will be in the interests of justice "because normally dismissal of an action that could be brought elsewhere is 'time-

---

[7] The court notes that, even if the Hawaii defendants were not dismissed, venue is still not proper in Hawaii because *all* Defendants do not reside here.  28 U.S.C. § 1391(b0(1).

[8] Taking judicial notice of Grandinetti's statements in his myriad other actions filed in this court, it is clear that he has not been incarcerated in Hawaii since 1995.  *See e.g.*, *Grandinetti v. Honolulu Int'l Airport*, Civ. No. 07-00082 JMS, Doc. No. 1, Comp; *Grandinetti v. Shimoda*, Civ. No. 05-00442, Comp. at 3 (alleging claims occurring five years ago while Grandinetti was incarcerated in Arizona, and detailing when Grandinetti was transferred from Hawaii).  Thus, these incidents could not have occurred in Hawaii.

consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1406)).  The district court also has the discretion to dismiss the case without prejudice in the "interest of justice." *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991).  Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal. *See, eg.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

Grandinetti has been barred from filing any civil action, including actions filed in other courts that are removable or transferrable to the Northern District of Mississippi, without first obtaining written permission from that court.  Although this court is loathe to aid Grandinetti in circumventing that order by transferring this action to Mississippi, the court must accept the allegations in the Complaint as true and liberally construe them in light of his *pro se* status. *Morrison*, 261 F.3d at 899 n.2.  Grandinetti raises serious claims of the denial of medical care in violation of the Eighth Amendment.  He also alleges that he is in imminent danger of serious physical injury, sufficient to surpass the restrictions imposed by 28 U.S.C. § 1915(g) and allow him to proceed *in forma pauperis*.  It is not this Court's prerogative to

disbelieve these claims.

First, it is indisputable that this action could have been originally filed in the Northern District of Mississippi, thus commending transfer of this action now to that district.

Second, Grandinetti's *pro se* incarcerated status generally militates in favor of transfer rather than dismissal of this action.[9]

Third, it is clearly in the interests of justice to transfer this case to the district where all remaining parties reside, witnesses may be found, there is access to the necessary evidence, and there is likely a local interest in Mississippi in resolving Plaintiff's claims, particularly if proven. *See Decker Coal Co. V. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Accordingly, this Court will transfer Grandinetti's action to the U.S. District Court for the Northern District of Mississippi. He will then, no doubt, be subject to the restrictions imposed on him by that court's prefiling review order.

---

[9] Although the general rule is that a plaintiff's choice of forum should be given substantial weight, *Decker*, 805 F.2d at 843, when, as here, the plaintiff does not reside in the venue, the forum lacks a significant connection with the activities alleged, and it appears that the plaintiff is forum shopping, this court finds that little deference should be given to Grandinetti's choice of venue.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants Bauman, Tavares, Mun, Stampfle, and any other unnamed Hawaii Department of Public Safety employees, are dismissed for Grandinetti's failure to state a claim against them.

2. The Complaint and action are TRANSFERRED to the United States District Court for the Northern District of Mississippi.

3. In light of Grandinetti's proclivity to continue filing documents in an action long after an action has been transferred or closed, Grandinetti will not be allowed to file any further documents in this action in this court. The Clerk is DIRECTED to close the file and **should not return** any further filings in this action to Grandinetti.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 28, 2007.



_____

Alan C. Kay

Sr. United States District Judge

Grandinetti v. Bauman, et al., Civ. No. 07-0089 ACK-LEK, ORDER OF TRANSFER;
dmp\Screening Orders 07\ GRANDINETTI 07-89 ACK

15