IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI II, | ) | CIVIL NO. 07-00089 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER OF TRANSFER |
| vs. | ) | |
| | ) | |
| DR. BAUMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER OF TRANSFER**

Before the court is another of *pro se* Plaintiff Francis Grandinetti's prisoner civil rights complaints. Grandinetti is a Hawaii state prisoner who is currently incarcerated in the Tallahatchie Community Correctional Facility ("TCCF"), located in Tutwiler, Mississippi. To date, Grandinetti has filed at least seventy-nine actions in the United States courts since 1996, many of them in this court.[1] *See* U.S. Party/Case Index, PACER Service Center, http://pacer.psc.uscourts.gov. ("Pacer"). At least three or more of these actions were dismissed as frivolous or for failure to state a claim.[2] Grandinetti has again neither

---

[1] Pacer reveals that Grandinetti has filed fifty-nine actions under the name "Francis Grandinetti," and another four actions as "Francis Grandinette." Not all cases are represented on PACER, however, and the court notes that Grandinetti has also filed at least eight civil actions in the U.S. District Court for the District of Mississippi, and eight appellate actions in the U.S. Court of Appeals for the Fifth Circuit. *See Grandinetti v. Corrections Corp. Of America, et al.*, Civ. No. 5:06-057 ECF, *Order*, entered Mar. 30, 2006, at 7.

[2] *See e.g.*, *Grandinetti v. Corrections Corp. Of America*,
(continued...)

submitted an *in forma pauperis* application nor paid the $350 statutory filing fee for instituting this action.

Grandinetti styles this action as a "class-action," but gives no further facts justifying class certification. While Grandinetti fails to name any defendant in the caption to the complaint, in Claim I he names Hawaii Department of Public Safety ("DPS") officials or employees Dr. Bauman, Mrs. Tavares, Mr. Mun, Mrs. Stampfle, other unnamed DPS staff, and "their contractors" including "CCA, TCCF, NWMSRMC [Northwest Mississippi Regional Medical Center], and MS/TCi" (collectively "Defendants").[3] (Comp. 2.)

Grandinetti alleges that he was raped in prison in 2005 and infected with Hepatitis-B, and has been denied adequate treatment for this and various other ailments since then. For the following reasons, the court dismisses the Hawaii defendants and transfers this action to the U.S. District Court for the

---

[2](...continued)
Civ. No. 06-057 ECF (N.D. Tex. 2006) (prisoner civil rights action dismissed as frivolous); *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw. 2001) (prisoner civil rights case dismissed for failure to state a claim); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex. 1999) (prisoner civil rights case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex.1998) (prisoner civil rights case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex.1998) (prisoner civil rights case dismissed as frivolous).

[3] The court believes CCA is an acronym for the Corrections Corporations of America; "MS/TCi" remains a mystery.

Northern District of Mississippi.

## BACKGROUND

Grandinetti alleges that Defendants have refused to provide him with adequate medical care, and that they deny that he is "infected, dying, or in need of rape/STD services." (Comp. 2, Claim I.) Grandinetti states that he needs "[a] blood/DNA profile, [and] HIV/AIDs, Hepatitis, and STD profiling." (*Id.*) He also claims he needs treatment on an emergency basis for hepatitis, T.B., HIV, "internal bleeding, infection, and rupture in the hepat[o]biliary tract, epididymitis, and severe urinary tract infection." (Comp. 1-2.)

In Claim II, Grandinetti claims that Defendants refuse to provide him with out-patient hospital care, infirmary placement, protective custody, police reports, and "correct classification services." (Comp. 2.) Finally, in Claim III, Grandinetti demands to be returned to NWMSRMC. These claims are remarkably similar, if not identical, to the claims Grandinetti raised in *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG,[4] and

---

[4] In this case, Grandinetti alleged that TCCF officials were denying him medical treatment for a liver and lung infection. The court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g), stating: "Grandinetti does not allege that he is in imminent danger or serious physical injury. Furthermore, based on the facts as alleged in this complaint, if Grandinetti did allege imminent danger or serious physical injury, venue for such a claim would not lie in Hawaii, as he is incarcerated in Mississippi." (Doc. No. 2, Order Dismissing Complaint and Action, entered Nov. 14, 2006.)

3

*Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS.[5]

As exhibits to his Complaint, Grandinetti supplies two sick call requests, dated January 17, 2007, detailing his symptoms and requesting testing and emergency care. These requests are unsigned by TCCF officials, and do not appear to have been submitted to the TCCF medical department.

**STANDARDS**

I. **28 U.S.C. § 1915 Screening**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it

---

[5] In this action, the court dismissed all claims against Hawaii defendants, with prejudice, and transferred the action to the U.S. District Court for the Northern District of Mississippi. *See* Civ. No. 05-00442 Order of Transfer; Dismissing Hawaii Defendants; Denying Objections; And Denying Motion for Pre-Emptive Order, entered on August 18, 2005.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d. 1122, 1126 (9th Cir. 2000) (en banc).

II.  **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

5

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

I.  **Grandinetti Fails to State a Claim Against the Hawaii Defendants.**

To state a civil rights claim against an individual defendant, a plaintiff must allege facts showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942

F.2d 1435, 1446 (9th Cir. 1991)(en banc).  However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."  *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

Grandinetti fails to show any nexus between the named and unnamed Hawaii defendants and any of the violations alleged in the Complaint.  Grandinetti is claiming the denial of medical care at TCCF, yet alleges no direct or personal involvement by these defendants in the challenged actions in the Complaint.  He does not claim that they participated in, or directed the constitutional violations.  Nor does he allege or point to a policy that they implemented which was used by TCCF prison officials to deny him medical care, and was thus, so deficient that it is "a repudiation of constitutional rights and is the moving force of the constitutional violation."  *See Redman*, 942 F.2d at 1446.

This Court takes judicial notice of documents that Grandinetti recently filed in another of his cases, *Grandinetti v. FDC Branch Staff, et al.*, Civ. No. 07-00053 DAE, dismissed pursuant to 28 U.S.C. § 1915(g).  (*See* Doc. No. 4, Order Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915(g) and Denying Motion for Temporary Restraining Order or Preliminary Injunction, entered Feb. 5, 2007.)  In his newly filed motion for

reconsideration in this action, Grandinetti attached copies of the same sick call requests, dated January 17, 2007, as are attached to the present action.  (Doc. No. 7, filed Feb. 22, 2007.)  They are, similarly, unsigned as received by TCCF officials.  This strongly suggests that Grandinetti has neither made his medical requests and alleged ailments known to TCCF officials, nor administratively exhausted the alleged denial of medical care of which he complains, although the court does not so hold on this record.

Grandinetti also attached a letter from the Hawaii Office of the Ombudsman to his motion for reconsideration.  This letter is dated February 7, 2007, and is in response to Grandinetti's January 16, 2007 letter regarding the claims he raises in the present action.  The Ombudsman informed Grandinetti that, "[a]ccording to the contract between [DPS] and [TCCF], TCCF is responsible for providing medical services to Hawaii inmates.  Therefore, you should first discuss your medical concerns with the TCCF medical staff."  (*See* Civ. No. 07-00053, Doc. No. 7, Motion at 4.)  The Ombudsman further noted that, contrary to Grandinetti's request for protective custody, Grandinetti is presently in administrative segregation, alone in a cell, and there is no need for protective custody.  Clearly, Grandinetti was well aware that TCCF officials were responsible for his medical care when he submitted the instant Complaint, not Hawaii

DPS employees.

Finally, in the motion for reconsideration, Grandinetti also enclosed a reply from Scott Jinbo, DPS Mainland Contract Monitor, to Grandinetti's "Request for Service," dated February 1, 2007. Jinbo informed Grandinetti that his medical requests were forwarded to [TCCF] Health Care, and that his request for protective custody, although unnecessary due to his solitary administrative custody status, was forwarded to TCCF to conduct an investigation to determine Grandinetti's suitability for such placement. Again, this highlights that Grandinetti knew what steps were necessary for him to take to request and receive medical care at TCCF, and who was responsible for providing that care, before he initiated this suit in Hawaii.

Grandinetti's allegations occurred, or are occurring, at TCCF. The court informed Grandinetti in Civ. No. 05-00442, that the types of violations that he is alleging, the denial or delay of adequate medical care, must necessarily be brought to the immediate attention of the prison where the inmate is incarcerated. *See Grandinetti v. Shimoda*, Civ. No. 05-00442, Doc. No. 4, Order Dismissing Complaint, and Doc. No. 9, Order of Transfer (of amended complaint). Grandinetti was also notified that these Hawaii DPS defendants are not responsible for providing him medical care in Mississippi; this is TCCF officials' responsibility. (*Id.*)  Finally, he was clearly

9

informed that, after exhaustion of prison administrative remedies, such claims are more properly brought in the district where they occurred, where they can be most effectively remedied. *See* 28 U.S.C. § 1391(b).  The proper venue for these types of claims, as discussed more fully below, is in the U.S. District Court for the Northern District of Mississippi.  Neither the Hawaii federal court nor the Hawaii DPS, however, are in the best position to remedy constitutional violations that occurred or are occurring thousands of miles away.

Grandinetti has apparently commenced this suit in Hawaii because he is barred from filing any lawsuit or civil action in the District Court for the Northern District of Mississippi, Delta and Lubbock divisions, and several monetary sanctions have been imposed on him.[6]  This bar order also proscribes Grandinetti from filing any civil actions in any other court that are removable or transferrable to the Northern District.  It is clear that Grandinetti filed this action in Hawaii in an attempt to circumvent that bar.

Accordingly, the court finds that Grandinetti has failed to state a claim against the Hawaii defendants: Bauman,

---

[6]*See Grandinetti v. Corrections Corp. Of America, et al.*, Civ. No. 5:06-057 ECF, Order entered Mar. 30, 2006. Grandinetti is also subject to a vexatious litigant pre-filing review order in the U.S. Court of Appeals for the Ninth Circuit. *See In re: Francis Grandinetti*, No. 06-80108, Order to Show Cause entered Aug. 21, 2006, Pre-Filing Review Order entered Sept. 26, 2006.

Tavares, Mun, Stampfle and other unnamed persons.  Because Grandinetti has been advised that these particular claims are not cognizable against these defendants, Defendants Bauman, Tavares, Mun, and Stampfle are DISMISSED without leave to amend.

II.  **Venue is Improper in This Court.**

The court must now look to the propriety of bringing this action in the District of Hawaii.  When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Penn. 1992).  Venue may be raised by the court *sua sponte* when the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

First, the court has dismissed the Hawaii defendants and the remaining defendants do not reside in Hawaii.  Those remaining, *ie.*, the unnamed TCCF staff and the unnamed NWMSRMC

11

personnel, reside in Mississippi, and not in Hawaii.[7]

Second, Grandinetti's present claims clearly arise from incidents that allegedly occurred at TCCF and were allegedly perpetrated by prison officials in Mississippi.[8]  None of the alleged constitutional violations occurred in Hawaii, or were committed by any Hawaii resident.  Thus, not only a substantial part, but all of the events or omissions giving rise to Grandinetti's claims, occurred in Mississippi not Hawaii.

Venue is not proper in this district.  Under 28 U.S.C. § 1406(a), when an action is filed in the wrong district, the district court may dismiss the action, or, for the convenience of parties and witnesses, as well as in the interests of justice, the district court may use its discretion to transfer a civil action to any other district where it might have been properly brought.  28 U.S.C. § 1404(a).  Ordinarily, transfer, rather than dismissal, will be in the interests of justice "because normally dismissal of an action that could be brought elsewhere is 'time-

---

[7] The court notes that, even if the Hawaii defendants were not dismissed, venue is still not proper in Hawaii because *all* Defendants do not reside here.  28 U.S.C. § 1391(b0(1).

[8] Taking judicial notice of Grandinetti's statements in his myriad other actions filed in this court, it is clear that he has not been incarcerated in Hawaii since 1995.  *See e.g.*, *Grandinetti v. Honolulu Int'l Airport*, Civ. No. 07-00082 JMS, Doc. No. 1, Comp; *Grandinetti v. Shimoda*, Civ. No. 05-00442, Comp. at 3 (alleging claims occurring five years ago while Grandinetti was incarcerated in Arizona, and detailing when Grandinetti was transferred from Hawaii).  Thus, these incidents could not have occurred in Hawaii.

consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (discussing transfer under 28 U.S.C. § 1406)). The district court also has the discretion to dismiss the case without prejudice in the "interest of justice." *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal. *See, eg.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

Grandinetti has been barred from filing any civil action, including actions filed in other courts that are removable or transferrable to the Northern District of Mississippi, without first obtaining written permission from that court. Although this court is loathe to aid Grandinetti in circumventing that order by transferring this action to Mississippi, the court must accept the allegations in the Complaint as true and liberally construe them in light of his *pro se* status. *Morrison*, 261 F.3d at 899 n.2. Grandinetti raises serious claims of the denial of medical care in violation of the Eighth Amendment. He also alleges that he is in imminent danger of serious physical injury, sufficient to surpass the restrictions imposed by 28 U.S.C. § 1915(g) and allow him to proceed *in forma pauperis*. It is not this Court's prerogative to

disbelieve these claims.

First, it is indisputable that this action could have been originally filed in the Northern District of Mississippi, thus commending transfer of this action now to that district.

Second, Grandinetti's *pro se* incarcerated status generally militates in favor of transfer rather than dismissal of this action.[9]

Third, it is clearly in the interests of justice to transfer this case to the district where all remaining parties reside, witnesses may be found, there is access to the necessary evidence, and there is likely a local interest in Mississippi in resolving Plaintiff's claims, particularly if proven. *See Decker Coal Co. V. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Accordingly, this Court will transfer Grandinetti's action to the U.S. District Court for the Northern District of Mississippi. He will then, no doubt, be subject to the restrictions imposed on him by that court's prefiling review order.

---

[9] Although the general rule is that a plaintiff's choice of forum should be given substantial weight, *Decker*, 805 F.2d at 843, when, as here, the plaintiff does not reside in the venue, the forum lacks a significant connection with the activities alleged, and it appears that the plaintiff is forum shopping, this court finds that little deference should be given to Grandinetti's choice of venue.

14

**CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants Bauman, Tavares, Mun, Stampfle, and any other unnamed Hawaii Department of Public Safety employees, are dismissed for Grandinetti's failure to state a claim against them.

2. The Complaint and action are TRANSFERRED to the United States District Court for the Northern District of Mississippi.

3. In light of Grandinetti's proclivity to continue filing documents in an action long after an action has been transferred or closed, Grandinetti will not be allowed to file any further documents in this action in this court. The Clerk is DIRECTED to close the file and **should not return** any further filings in this action to Grandinetti.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, February 28, 2007.



Alan C. Kay
Sr. United States District Judge

Grandinetti v. Bauman, et al., Civ. No. 07-0089 ACK-LEK, ORDER OF TRANSFER; dmp\Screening Orders 07\ GRANDINETTI 07-89 ACK